UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JOSEPH CHANDLER DAVALL,<br><br>Petitioner,<br><br>v.<br><br>WARREN MONTGOMERY,<br><br>Respondent. | Case No. CV 18-07252-DSF (DFM)<br><br>ORDER TO SHOW CAUSE AND DENIAL OF REQUEST FOR APPOINTMENT OF COUNSEL |

On August 17, 2018, Joseph Chandler Davall ("Petitioner") filed pro se a Petition for Writ of Habeas Corpus by a Person in State Custody, challenging his convictions and sentence of life without parole for rape of a child under 14, sexual penetration by force, and related charges. See Dkt. 1 ("Petition").[1]

**I.**

**ORDER TO SHOW CAUSE**

The Petition raises five claims: (1) the use of DNA evidence lacked proper foundation and violated Petitioner's Due Process Clause rights; (2) there was insufficient evidence for his convictions because the DNA evidence

---

[1] Citations to the Petition use the CM/ECF pagination.

lacked foundation and because the victim's identification of Petitioner occurred under suggestive conditions; (3) cumulative error occurred; (4) Petitioner's trial counsel was ineffective for failing to object to the lack of foundation for the DNA evidence and the suggestive identification; and (5) his appellate counsel was ineffective for failing to raise Petitioner's ineffective assistance of trial counsel claim on direct appeal. See id. at 5-8, 15.[2]

It appears that Grounds Four and Five have not been exhausted in state court. Petitioner concedes that he did not raise Grounds Four or Five on direct appeal to the California Court of Appeal, in a Petition for Review to the California Supreme Court, or in a habeas petition to the California Supreme Court. See id. at 7-8.

Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless a petitioner has exhausted the remedies available in state court. Exhaustion requires that the petitioner's contentions were fairly presented to the state courts, see Ybarra v. McDaniel, 656 F.3d 984, 991 (9th Cir. 2011), and disposed of on the merits by the highest court of the state, see Greene v. Lambert, 288 F.3d 1081, 1086 (9th Cir. 2002). Moreover, a claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam); Picard v. Connor, 404 U.S. 270, 275-78 (1971). As a matter of comity, a federal court will not entertain a habeas petition unless the petitioner has exhausted the

---

[2] Petitioner also purports to raise a sixth claim that "[t]he court of appeal ruling was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility of fairminded disagreement." Id. at 6. This is not an independent ground for relief; rather, Petitioner merely recites a state prisoner's burden in seeking federal habeas relief. See Harrington v. Richter, 562 U.S. 86, 103 (2011).

available state judicial remedies on every ground presented in it. See Rose v. Lundy, 455 U.S. 509, 518-19 (1982).

A federal court may raise a habeas petitioner's failure to exhaust state remedies sua sponte. See Stone v. City and Cty. of San Francisco, 968 F.2d 850, 855-56 (9th Cir. 1992) (as amended). Petitioner has the burden of demonstrating he has exhausted available state remedies. See, e.g., Williams v. Craven, 460 F.2d 1253, 1254 (9th Cir. 1972) (per curiam); Rollins v. Superior Court, 706 F. Supp. 2d 1008, 1011 (C.D. Cal. 2010).

As previously discussed, Grounds Four and Five of the Petition are unexhausted; Petitioner's inclusion of those claims thus renders the Petition "mixed," containing both exhausted and unexhausted claims. Such petitions must generally be dismissed. See Lundy, 455 U.S. at 522; see also Coleman v. Thompson, 501 U.S. 722, 731 (1991) (explaining that "state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims"); Castille v. Peoples, 489 U.S. 346, 349 (1989) (finding that prisoner's "habeas petition should have been dismissed if state remedies had not been exhausted as to any of the federal claims").

In certain "limited circumstances," a district court may stay a mixed petition and hold it in abeyance while the petitioner returns to state court to exhaust any unexhausted claims. Rhines v. Weber, 544 U.S. 269, 277 (2005). For a Rhines stay, the petitioner must show (1) good cause for his failure to earlier exhaust the claim in state court, (2) that the unexhausted claim is not "plainly meritless," and (3) that he has not engaged in "abusive litigation tactics or intentional delay." Id. at 277-78.

The Supreme Court has not precisely defined what constitutes "good cause" for a Rhines stay. See Blake v. Baker, 745 F.3d 977, 980-81 (9th Cir. 2014). The Ninth Circuit has found that "good cause" does not require

"extraordinary circumstances." Dixon v. Baker, 847 F.3d 714, 720 (9th Cir. 2017); Jackson v. Roe, 425 F.3d 654, 661-62 (9th Cir. 2005). Rather, "good cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify" the failure to exhaust. Blake, 745 F.3d at 982. Although Petitioner requests a stay and abeyance in the event that any of his claims are unexhausted, see Petition at 21, it is unclear from the face of the Petition whether Petitioner can meet the Rhines requirements.

## II.
## REQUEST FOR APPOINTMENT OF COUNSEL

Petitioner requests appointment of counsel. See Petition at 9, 22. There is no constitutional right to counsel in connection with a habeas petition. See Bonin v. Vasquez, 999 F.2d 425, 429 (9th Cir. 1993). The decision of whether to appoint counsel for Petitioner is within the Court's discretion. In deciding Petitioner's request, the Court evaluates both Petitioner's likelihood of success on the merits and his ability to articulate his claims pro se in light of the complexity of the legal issues involved. See Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

Here, the Court finds that Petitioner has shown the ability to articulate his claims without counsel. Moreover, it does not appear to the Court that any discovery or an evidentiary hearing is likely to be necessary. See Cullen v. Pinholster, 563 U.S. 170, 180-85 (2011); Totten v. Merkle, 137 F.3d 1172, 1176 (9th Cir. 1998); see also 28 U.S.C. § 2254(e)(2). If the Court's analysis changes, the Court may re-evaluate Petitioner's request.

## III.
## CONCLUSION

IT THEREFORE IS ORDERED that within 21 days of the date of this Order, Petitioner do one of the following:

(1) file a formal stay-and-abey motion if he believes he can make the

required showings under Rhines;

    (2)    request that the Petition be dismissed without prejudice under Federal Rule of Civil Procedure 41(a)(1), with the understanding that any later petition may be time barred under 28 U.S.C. § 2244(d)(1);

    (3)    request that Grounds Four and Five of the Petition be dismissed and that he be allowed to either proceed on the exhausted claims, or seek a stay of the then fully exhausted Petition under Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003) (allowing for stays of fully exhausted federal petitions without showing of good cause), overruling on other grounds recognized by Robbins v. Carey, 481 F.3d 1143, 1149 (9th Cir. 2007), with the understanding that he will be allowed to amend any newly exhausted claims back into the Petition only if the claims are timely or "relate back" to the original exhausted claims, see Mayle v. Felix, 545 U.S. 644, 664 (2005); or

    (4)    show cause in writing why this action should not be dismissed without prejudice for failure to exhaust state remedies.

**Petitioner is expressly warned that his failure to timely comply with this Order may result in the Petition being dismissed for the reasons stated above and for failure to prosecute.**

Petitioner is cautioned that under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year limitation period applies to a federal petition for writ of habeas corpus filed by a person in state custody. See 28 U.S.C. § 2244(d)(1). The Court makes no representation that the Petition was timely filed under AEDPA or that any amended petition will be.

///
///
///
///
///

IT IS FURTHER ORDERED that Petitioner's request for appointment of counsel be DENIED.

Dated: November 30, 2018

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge