I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL, POSTAGE PREPAID, TO (SEE BELOW) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE

TO: Petitioner DATE: 9/23/19 DEPUTY CLERK: N.Boehme

JS-5

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 18-07252-DSF (DFM) | Date: | September 19, 2019 |
|---|---|---|---|
| Title | Joseph Chandler Davall v. Warren Montgomery | | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge |
|---|---|
| Nancy Boehme | Court Reporter |
| Deputy Clerk | Not Present |
| Attorney(s) for Plaintiff(s): | Attorney(s) for Defendant(s): |
| Not Present | Not Present |

**Proceedings: (IN CHAMBERS) Order Vacating Judgment and Reinstating OSC**

On September 17, 2019, the Ninth Circuit remanded this case "for the limited purpose of enabling the district court to consider appellant's Federal Rule of Civil Procedure 60(b) motion." Davall v. Montgomery, No. 19-55903 (9th Cir. Aug. 17, 2019). For the reasons set out in the Court's August 23, 2019 Order (Dkt. 27), Petitioner's request for Rule 60(b) relief is GRANTED.

Accordingly, the April 29, 2019 Judgment (Dkt. 12) is VACATED and the Court's November 30, 2018 Order to Cause is REINSTATED (Dkt. 5). The Clerk of Court is instructed to re-send Petitioner a copy of the OSC. Petitioner is ORDERED to do one of the following within twenty-eight (28) days:

(1) file a formal stay-and-abey motion if he believes he can make the required showings under Rhines v. Weber, 544 U.S. 269, 277 (2005);

(2) request that the Petition be dismissed without prejudice under Federal Rule of Civil Procedure 41(a)(1), with the understanding that any later petition may be time barred under 28 U.S.C. § 2244(d)(1);

(3) request that Grounds Four and Five of the Petition be dismissed and that he be allowed to either proceed on the exhausted claims, or seek a stay of the then fully exhausted Petition under Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003) (allowing for stays of fully exhausted federal petitions without showing of good cause), overruling on other grounds recognized by Robbins v. Carey, 481 F.3d 1143, 1149 (9th Cir. 2007), with the understanding that he will be allowed to amend any newly exhausted

claims back into the Petition only if the claims are timely or "relate back" to the original exhausted claims, see Mayle v. Felix, 545 U.S. 644, 664 (2005); or

(4) show cause in writing why this action should not be dismissed without prejudice for failure to exhaust state remedies.

**Petitioner is expressly warned that his failure to timely comply with this Order may result in the Petition being dismissed for the reasons stated above and for failure to prosecute.**